UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NANCY SPINDLER,

                      Plaintiff

                                                 DECISION AND ORDER

-vs-

                                                 07-CV-6172 CJS

VALLEYLAB, INC., a Division of
TYCO HEALTHCARE GROUP, LP,

                      Defendant
_____

INTRODUCTION

This is an action in which plaintiff is asserting New York State law claims for, *inter alia*, negligence, strict products liability, and breach of warranty. Defendant removed the case to federal court on the basis of diversity jurisdiction. Now before the Court is plaintiff's motion to remand the case to state court. For the reasons that follow, the application is denied.

BACKGROUND

In April 2004, Peter Ronchetti, M.D. ("Dr. Ronchetti") performed a surgical procedure on plaintiff's wrist. During surgery, Dr. Ronchetti used an "electrocautery" device manufactured by defendant Valleylab, Inc ("Valleylab" or "defendant"). According to plaintiff, the electrocautery device malfunctioned and injured her.

Subsequently, plaintiff, a citizen of the State of New York, commenced an action in New York State Supreme Court, Monroe County, against Valleylab, a citizen of the State of Colorado, alleging claims, including negligence, products liability and breach of warranty.

1

Plaintiff also commenced a separate action in New York State Supreme Court, Monroe County, against Dr. Ronchetti, alleging medical malpractice.  Dr. Ronchetti, like plaintiff, is a citizen of the State of New York.

On March 30, 2007, Valleylab removed the subject action to this Court, pursuant to 28 U.S.C. § § 1332, 1441 and 1446.  On April 18, 2007, plaintiff filed the subject motion to remand the action to New York State Supreme Court.  In that regard, plaintiff indicates that she intends to file a motion in New York State Supreme Court consolidating the actions against Valleylab and Dr. Rochetti, which would result in a lack of complete diversity between the parties.  Consequently, plaintiff maintains, remand is appropriate under 28 U.S.C. § 1447(e).

## ANALYSIS

Plaintiff has moved to remand this action to state court pursuant to 28 U.S.C. § 1447(e), which states, in relevant part, that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court."  Clearly, this rule envisions the situation where a non-diverse party is joined as a defendant in the federal action.  *Id*.; see also, 16 MOORE'S FEDERAL PRACTICE, § 107.41[2][d][i][A] (Matthew Bender 3d Ed.) ("Once the plaintiff joins a nondiverse party, Section 1447(e) requires remand of the complaint to state court, because the district court no longer has subject matter jurisdiction.") (footnote omitted).

Here, plaintiff is essentially putting the cart before the horse.  That is, plaintiff does not seek to add Dr. Rochetti as a defendant in the instant case, but instead, asks the Court to remand the action against Valleylab, even though the Court presently has subject matter

2

jurisdiction over the case, because plaintiff intends to seek joinder of the two actions in New York State Supreme Court. That is not the procedure set forth in 28 U.S.C. § 1447(e). In short, if plaintiff wishes to have the case remanded under § 1447(e), she must first join Dr. Ronchetti as a defendant in the instant case.

## CONCLUSION

For the reasons stated above, plaintiff's Motion for Remand [#4] is denied.

SO ORDERED.

Dated: Rochester, New York
June 5, 2007

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge